**UNITED STATES of America, Appellant,**

v.

**William S. RODMAN, Appellee.**

**No. 75–1050.**

United States Court of Appeals, First Circuit.

Aug. 8, 1975.

Richard W. Beckler, Atty., Dept. of Justice, with whom James N. Gabriel, U. S. Atty., was on brief, for appellant.

Morton Berger, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This is an appeal by the United States under 18 U.S.C. § 3731 from a pretrial order dismissing an indictment. *See Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (March 3, 1975). The district court dismissed the indictment on the grounds that the Securities and Exchange Commission had obtained substantial information, including self-incriminating statements from the appellee on the basis of a promise that the SEC would strongly recommend to the United States Attorney that no prosecution against the appellee be undertaken. It is undisputed that the promise was never fulfilled. The government's primary contention on appeal is that the district court failed to make a finding crucial to its resolution of the merits: whether the appellee had "fully" cooperated in accord with an alleged condition of the SEC's promise.

The government's position is without merit. While the government prosecutor argued below that the provision by the appellee of sworn testimony was a condition of the agreement, there was no evidence supporting that contention. The government witness, chief counsel to the Boston office of the SEC, testified that there was agreement only to inform the U. S. Attorney that the appellee had cooperated and that the SEC had fulfilled that obligation. The district court credited, instead, the testimony of appellee's former counsel who participated in the discussions with the SEC. He stated that an agreement to recommend no prosecution was made in return for the appellee's cooperation, that the appellee had on several occasions provided substantial information to the SEC and that the SEC eventually filed both civil and criminal suits against those named in the statements. There was documentary support, in the form of notes on the information provided by the appellee and the indictments. It was also the testimony of appellee's former counsel that he and his client appeared for the purpose of giving evidence at one of the trials, but that the case was settled out of court. Any failure to provide further aid to the SEC was apparently deemed irrelevant to the agreement as the district court interpreted it.

The court found that "defendant Rodman was induced to give statements to the SEC upon representations that Mr. Riccio would make a recommendation that he not be indicted; that he did make some statements of a fairly extensive nature; and not only did Mr. Riccio not make such a recommendation, but at the time of these statements he was actively contemplating the preparation of a criminal reference report which would have included the defendant Rodman."

In light of the failure of the SEC to comply with what the district court found to be its agreement, the district

court's view that the unfairness to the appellee warranted dismissal of the indictment was not an abuse of the court's supervisory function. *See Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1959); *McNabb v. United States,* 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

*Affirmed.*