E.M. de Jesus, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Nilsa Lyons, Old San Juan, P.R., Ludwig Ortíz, for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Shaun Vincent BALDACCHINO, Defendant.**

**Crim. No. 83–143.**

United States District Court, D. Puerto Rico.

Dec. 16, 1983.

OPINION AND ORDER

TORRUELLA, Chief Judge.

On the morning of May 17, 1983, Defendant Shaun Baldacchino gave two statements to Government agents admitting his involvement in crimes charged in the above captioned case. Two days later Baldacchino signed an agreement with the Government through Assistant U.S. Attorney de Jesús in which he agreed to testify before the Federal Grand Jury with respect to the information he had about various criminal activities, and to testify in any other hearing or trial, if necessary, as a Government witness. In exchange for his truthful testi-

mony, full cooperation and total compliance with his part of the agreement, the Government agreed to dismiss, without prejudice, any charges pending against him. The Government chose not to implement the agreement and on June 8, 1983, when Baldacchino returned to Puerto Rico to testify before the Grand Jury, he was instead arrested and indicted that same day.

The case is now before us on a Defendant's motion requesting enforcement of the "Plea Bargain Agreement." He claims that his willingness to perform his part of the agreement, as evidenced by his voluntary return to Puerto Rico to testify before the Grand Jury, requires that the Government fulfill its promise to drop the charges.

Defendant's counsel characterizes the agreement as a Plea Bargain Agreement. Although the document itself uses the term "plea agreement", it is in actuality a misnomer. The Defendant has not entered a guilty plea in exchange for any consideration from the Government. We find the agreement to be *sui generis*. It more closely resembles, if anything, an agreement not to prosecute, distinguished by the fact that here the prosecution would be dropped upon fulfillment of Defendant's part, as opposed to not being initiated in the first place.

In *U.S. v. Rodman*, 519 F.2d 1058 (1st Cir.1975), the Court of Appeals upheld the District Court's decision to dismiss the indictment against the defendant based upon an agreement made between Rodman and the Securities and Exchange Commission (SEC). Under the terms of the agreement, the SEC promised to strongly recommend to the United States Attorney that no prosecution be undertaken against the appellee, in exchange for Rodman's cooperation in supplying information. The Court found that Rodman, *relying on the promise,* had supplied substantial information, including self incriminating statements. The information provided was eventually used in the civil and criminal cases against those other persons named in the statements.

In *U.S. v. Martin*, 480 F.Supp. 880 (S.D. Texas 1979), the Court dismissed indictments charging defendants with fraud and conspiracy to defraud, where it found that SEC attorneys promised the defendants that by entering into civil consent decrees, they could avoid potential criminal prosecution, and that the SEC would not make a criminal reference of the matter.

The cases of *Rodman* and *Martin, supra,* contain a common element which we believe is crucial to the enforcement of any agreement in which the Government's right and duty to judicially process alleged lawbreakers is compromised. In both of these cases, the defendants had performed their part of the agreement, weakening their positions, prior to the breach by the Government. In *Rodman,* the defendant had provided substantial, useful as well as self incriminating information. In *Martin* the defendants had signed consent decrees by which they were enjoined in a number of particulars from offering for sale various oil and gas interests. In the case at bar, however, there has been no performance by the defendant of his part of the agreement. Baldacchino, therefore, is not in any less favorable position for having entered the agreement.

Public policy requires that the law be applied in a consistent manner. Any promise not to prosecute, to dismiss charges or to grant immunity represents a selective administration of justice and the possible perturbation of the public trust placed in the courts. The Government must believe that the benefits to be gained justify allowing a defendant or potential defendant to escape the judicial process. See *Burger v. U.S.,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). The U.S. Attorney decided that there would not be sufficient value in Baldacchino's cooperation to follow through with its agreement. We therefore find that to enforce the agreement under the circumstances would controvert sound public policy and public trust in the judicial system. For that reason, Defendant's Motion is DENIED.

IT IS SO ORDERED.