**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas R. WILLIAMS,**
**Defendant-Appellant.**

**No. 84–5318.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1985.

Decided Jan. 14, 1986.

Charles Crandall, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Eugene G. Iredale, San Diego, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, WIGGINS and BRUNETTI, Circuit Judges.

PER CURIAM.

Williams appeals his conviction for theft of, and conspiracy to sell, government property in violation of 18 U.S.C. §§ 641 and 371 (1982). We affirm.

Williams, a Veterans Administration (VA) employee, was arrested for stealing a computer from the hospital at which he worked. Shortly thereafter, George Berris, a VA personnel director, promised Williams that if he resigned his employment, a VA attorney would write to the United States Attorney and recommend dismissal of the charges against him. Williams was informed by his attorney that such a recommendation would not be binding on the United States Attorney's office.

Although Williams thereafter resigned his employment, the letter sent by the VA attorney did not recommend dismissal of the indictment, but rather suggested avenues of investigation. Upon learning of the contents of the letter, Berris spoke personally to the United States Attorney and recommended dismissal of the charges. The United States Attorney proceeded with the prosecution.

Williams moved to dismiss the indictment because the VA had breached its agreement to send a written recommendation to dismiss the charges. The district court denied the motion on the ground that the VA lacked authority to bind the United States Attorney. Williams then pleaded guilty conditioned on his right to appeal the denial of his motion.

We review the district court's interpretation of a cooperation agreement for clear error, and the remedy granted for the breach of such an agreement for abuse of discretion. *See United States v. Carrillo,* 709 F.2d 35, 37 (9th Cir.1983).

■ In general, a promise made by a government employee other than the United States Attorney to recommend dismissal of an indictment cannot bind the United States Attorney. *United States v. Irwin,* 612 F.2d 1182, 1191 n. 20 (9th Cir.1980). An exception has been recognized where, although the United States Attorney was not a party to a cooperation agreement, breach of the agreement rendered a prosecution fundamentally unfair. *United States v. Rodman,* 519 F.2d 1058, 1059–60 (1st Cir.1975) (per curiam).

In *Rodman,* the Securities and Exchange Commission (SEC) promised to recommend that the United States Attorney's Office not prosecute Rodman, if he would cooperate with an SEC investigation. Although Rodman provided substantial information, including self-incriminating statements, in reliance on the agreement, the SEC failed to make the promised recommendation. The court of appeals held the district court did not abuse its supervisory powers by dismissing the indictment for unfairness.

The court below distinguished *Rodman* on the ground that the SEC is "directly involved in the criminal justice process" while the VA is not. Williams argues that this circuit has interpreted *Rodman* to turn on detrimental reliance and fundamental fairness, rather than on the involvement of the promisor in the criminal justice process, *see United States v. Hudson,* 609 F.2d 1326, 1329 n. 4 (9th Cir.1979), *United States v. Stevens,* 601 F.2d 1075, 1078 (9th Cir.1979), but this cannot help Williams.

■ Even assuming the VA breached the agreement (and in light of Berris's oral recommendation to the United States Attorney this is not entirely clear), prosecution despite the breach was not unfair. Williams was not induced by the agreement to incriminate himself, to furnish information useful to the government in developing the case against him, or to plead guilty, nor did he suffer any other prejudice that might render his conviction unfair. The

only detriment Williams incurred in reliance on Berris's promise was the loss of his employment with the VA. Dismissal of the indictment is not a proper remedy for this loss.

AFFIRMED.