UNITED STATES of America, Appellee,

v.

Amy Frances JOHNSON, Appellant.

No. 88-5145.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.
Decided Nov. 9, 1988.

HEANEY, Circuit Judge.

Amy Frances Johnson appeals the decision of the district court denying a motion to dismiss an indictment charging her with two counts of distributing cocaine and one count of possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). We reverse and remand with directions.

## I. BACKGROUND

On September 28 and 29, 1987, Johnson sold approximately one-half ounce of cocaine to a Minneapolis police officer for $1,100. After searching Johnson's home, police seized 2.22 ounces of cocaine, $6,000 in United States currency, one .32 caliber weapon, an O'Haus scale, and two containers of Inositol. Johnson was indicted on November 3, 1987, for distributing and possessing cocaine with the intent to distribute.

Shortly after Johnson's arrest, negotiations began regarding her cooperation in an on-going drug investigation. According to Johnson, the terms of the agreement finally reached were: (1) Johnson would tell the truth about what happened on September 28 and 29, and about her involvement in the selling of drugs; (2) Johnson would tell the officers about her taking drugs from the Hennepin County Medical Center where she worked; and (3) in exchange for this information, Johnson would not be prosecuted in federal court and her case would be referred to state court. The United States government contends that no agreement was made, and if an agreement existed, Johnson failed to carry her part of the bargain.

Johnson did cooperate with the police. On November 2, 1987, she met with Sergeant Baltzer and Officer Van De Steeg of the Minneapolis Police Department between 2:00 and 3:00 p.m., and provided them with some information.

Johnson sought to dismiss the indictment on the basis of an alleged cooperation agreement with the United States. This issue, along with several other pretrial motions, was presented in a hearing before United States Magistrate Bernard P. Beck-

John W. Lundquist, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, FAGG and WOLLMAN, Circuit Judges.

er on December 15, 1987. Magistrate Becker recommended that the district court deny the motion to dismiss on the grounds that, if such an agreement existed, the only remedy available to Johnson was the suppression of any statements made during the interview with police. Magistrate Becker wrote:

> The substantive law dealing with plea bargains teaches that the remedy for an unfulfilled bargain (if that is what occurred here), is to suppress any statements made by the defendant in fulfilling her part of the abandoned promise, not specific performance of the contract expectations of the defendant.

Report and Recommendation at 13, *citing Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); and *United States v. Coon*, 805 F.2d 822 (8th Cir.1986).

The district court adopted this recommendation without comment, and denied Johnson's motion to dismiss on January 28, 1988. Johnson was tried and convicted in a trial without a jury on January 29, 1988.

In a subsequent order denying Johnson's motion for release pending appeal, the district court expounded on the magistrate's report by stating:

> The circumstances here do not entitle defendant to specific enforcement of an alleged breached plea agreement. Defendant suffered no prejudice from any statements she may have made to the government since it pledged it would not use them against her. She has shown no other prejudice. She had all rights intact to a fair trial before a jury and voluntarily waived them. Specific performance of any agreement was not mandated here.

Mem.Op. at 5 (May 4, 1988) (footnote omitted) (*citing Mabry, supra; Coon, supra;* and *United States v. McGovern*, 822 F.2d 739 (8th Cir.1987).

The issue on appeal is whether dismissing an indictment is the appropriate remedy when the government breaches an agreement not to prosecute. We disagree with the magistrate's holding that the suppression of evidence is the only remedy for an unfulfilled agreement not to prosecute.

We also believe the district court erred in not holding an evidentiary hearing before determining that specific performance of an agreement not to prosecute was not warranted in this case.

## II. DISCUSSION

■ Cooperation-immunity agreements are contractual in nature and subject to contract law standards. *United States v. Brown*, 801 F.2d 352, 354 (8th Cir.1986). A cooperation agreement is somewhat analogous to a plea agreement except that the former is a "prosecutorial agreement, the unviolability of which rested completely in the province of the government prosecutors, who have the sole power and responsibility to institute criminal proceedings." *United States v. Minnesota Mining and Manufacturing Company*, 551 F.2d 1106, 1112 (8th Cir.1977). With an agreement not to prosecute, parties agree that the defendant's cooperation is sufficient consideration for the government's promise of immunity. *United States v. McGovern*, 822 F.2d 739, 745 (8th Cir.1987).

■ Although the remedy for the breach of such a promise rests in the discretion of the trial court, *see Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), under the law in this Circuit, a dismissal of an indictment is appropriate under certain circumstances. *Minnesota Mining*, 551 F.2d at 1112; *Brown*, 801 F.2d at 355.

■ Specific performance of an agreement not to prosecute is appropriate unless 1) the government made no firm promise of immunity, *United States v. Calimano*, 576 F.2d 637, 640 (5th Cir.1978); *United States v. Weiss*, 599 F.2d 730, 735 (5th Cir.1979); 2) the defendant failed to fulfill her part of the bargain, *Brown*, 801 F.2d at 355; 3) the government's offer of immunity or the defendant's acceptance was based on a mistake in law or fact, *Coon*, 805 F.2d at 823; *Stokes v. Armontrout*, 851 F.2d 1085, 1090 (1988); 4) the term for which the defendant seeks specific performance was not a term of the contract, *Coon*, 805 F.2d at 823; *United States v. Carrillo*, 709 F.2d 35, 37

(9th Cir.1983); 5) the government's decision to seek an indictment was made in good faith, *McGovern*, 822 F.2d at 746; *Rowe v. Griffin*, 676 F.2d 524, 528–29 (11th Cir. 1982); 6) the government's breach resulted in no prejudice to the defendant; *McGovern*, 822 F.2d at 746; or 7) specific enforcement would have an adverse impact on the public. *Id.*

 It is unclear if the district court considered these factors as no evidentiary hearing was held to develop the facts. We believe that a factual question exists as to whether Johnson was prejudiced by the alleged government breach other than at her federal trial.[1] We also believe a factual question exists as to whether the government had a justification for seeking an indictment while negotiating a time for Johnson to interview with the police.[2]

There is also a factual question as to whether Johnson "cooperated" to the extent expected by the government.[3] "The question of a defendant's breach is not an issue to be finally determined unilaterally by the government." *Brown*, 801 F.2d at 355, *citing United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir.), *cert. denied*, 454 U.S. 831, 102 S.Ct. 127, 70 L.Ed.2d 108 (1981). In *Brown*, this Court stated:

> Because Brown raised a factual dispute on the issue of breach, on remand the district court should hold an evidentiary hearing and determine whether Brown breached the cooperation agreement. "[T]he government has the burden of establishing a breach by the defendant if the agreement is to be considered unenforceable."

If the district court determines that Brown did not breach the cooperation agreement, fundamental fairness requires the government to uphold its part of the agreement and the district court may enforce the agreement by dismissing the indictment.

*Brown*, 801 F.2d at 355, *quoting United States v. Calabrese*, 645 F.2d at 1390, (citations omitted).

Finally, the government, in oral argument, argued that a dismissal of Johnson's indictment is inappropriate as it would adversely impact the public interest in prosecuting and convicting a drug dealer. Public policy, however, also provides that the prosecutor's power to institute criminal proceedings must be exercised in good faith. If a deal was struck with Johnson, the prosecutor must have felt that the public would be better served by gaining Johnson's information than by her conviction. The government cannot now argue that dismissing her indictment would adversely affect the administration of justice. If the government feels otherwise, it should not agree to immunity. If the facts in this case are as stated by Johnson, public policy does not prohibit dismissing her indictment.

### III. CONCLUSION

We believe the district court erred in not holding an evidentiary hearing. This case is remanded to the district court to determine whether an agreement existed, whether the government breached this agreement, and whether any of the factors exist

1. While Johnson's federal trial may have been fair, there is some evidence to suggest that, as a result of the government's breach, Johnson could receive a state conviction in addition to the unexpected federal conviction.

2. The district court should carefully consider the fact that Johnson was interviewed by the police on the afternoon of November 2, and that she was indicted the following morning. We question whether the government had adequate time to evaluate how "candid" Johnson had been with the police before seeking her indictment.

3. We are somewhat disturbed by the ability of the government to make a *post hoc* determination of what constitutes sufficient cooperation. At oral argument, counsel for the government stated that the appropriateness of specific performance depended on the extent to which a defendant cooperated with law enforcement officers. Not only would this standard allow the government to unilaterally render a cooperation agreement void but it would also create an incentive for defendants to conveniently add to their stories to satisfy their end of the bargain. Thus, when fashioning a remedy, the amount of information provided to police is irrelevant. The most important factor is its incriminating nature.

which would render specific performance inappropriate.