865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 88-5575.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 4, 1988.
Decided: Dec. 20, 1988.
 
 Peter Max Zimmerman, for appellant.
 David Paul King, Assistant U.S. Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Juvenile Male appeals from a judgment of the district court finding him delinquent under the Federal Juvenile Delinquency Act, 18 U.S.C.A. Secs. 5031-5042 (West 1985 & Supp.1988), after the district court's denial of a motion to dismiss the information and to suppress evidence of statements made by the juvenile and after trial. We affirm.
 
 
 2
 The juvenile was a leader in a counterfeiting scheme who actively participated in recruiting personnel, obtaining and operating equipment, and printing counterfeit United States currency. He was charged in a three-count information with acts of juvenile delinquency in violation of counterfeiting and aiding and abetting statutes, 18 U.S.C. Secs. 2, 471-472, 474. At trial, in March 1988, the parties stipulated to the facts and the juvenile made a statement, after which the district court found the juvenile guilty on all counts of juvenile delinquency and placed him on probation until his twenty-first birthday. Facts relating to the commission of the crime, however, are not important to the resolution of the sole issue on appeal: whether a promise of immunity made to the juvenile by United States Secret Service agents is binding on the government.
 
 
 3
 In December 1987, the Secret Service obtained a search warrant for an apartment in Baltimore, Maryland. On executing the warrant, the Secret Service seized a complete counterfeiting plant, including a printing press, a camera, plates used in producing counterfeit bills, and $141,000, more or less, in counterfeit $100 bills. At the same time, the agents detained the juvenile and arrested two adults. After receiving Miranda warnings, the juvenile made two oral statements to the agents. He stated that he was familiar with the counterfeiting equipment and that he had been using it to manufacture counterfeit $100 federal reserve notes. He further stated that the two adults in the apartment were also involved in the manufacturing process.
 
 
 4
 Shortly after charges were filed against the juvenile, his counsel advised the United States Attorney's Office of the juvenile's contention that the Secret Service agents had told him that he would not be charged if he cooperated in the prosecution of the two adult defendants. The United States Attorney's Office investigated this allegation and concluded that the agents had made such a representation. Before making the representation, however, the Secret Service agents never consulted with or received authorization from the United States Attorney's Office. After the agents made the representation, the juvenile gave two written statements. The district court denied the juvenile's motions to dismiss the information and to suppress the evidence, but it suggested that the United States Attorney's Office reconsider whether to prosecute the juvenile. That Office ultimately determined not to rely on the statements that the juvenile made after the representation, but it declined to dismiss the information.
 
 
 5
 On appeal, the juvenile argues that due process requires enforcement of the immunity agreement. Although he does not strenuously urge that the Secret Service agents had actual authority to offer him immunity, he contends that they had apparent authority to offer immunity in exchange for his cooperation and that such an offer by government agents with apparent authority is binding on the United States Attorney and the courts.
 
 
 6
 The United States government generally is not bound by its agent's promise to a criminal defendant unless the agent acts with the government's authority. See, e.g., United States v. Hudson, 609 F.2d 1326, 1329 (9th Cir.1979); cf. United States v. Williams, 780 F.2d 802, 803 (9th Cir.1986) ("In general, a promise made by a government employee other than the United States Attorney to recommend dismissal of an indictment cannot bind the United States Attorney."). The district court's finding that the United States Attorney's Office did not approve the offer of immunity can be reversed, of course, only if it is clearly erroneous. See Plaster v. United States, 789 F.2d 289, 292 (4th Cir.1986).
 
 
 7
 Circumstances exist, no doubt, whereby the interaction of one government agency with representatives of another government agency could clothe the latter with the authority to bind the former to an immunity agreement. Considering such a possible circumstance in this case, however, is not necessary. The United States Attorney's Office simply did nothing that could be construed as giving the Secret Service agents either actual or apparent authority to enter into an immunity agreement with the juvenile.
 
 
 8
 In view of this, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.