891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff/Appellee,
v.
Steven Boon Leng TAN, Defendant/Appellant.
 No. 89-15095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1989.*
Decided Dec. 1, 1989.
 
 Before SKOPIL, FLETCHER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Boon Leng Tan pleaded guilty to charges of importation and distribution of heroin and was sentenced to nine years of imprisonment and fined $100,000. He thereafter filed this 28 U.S.C. § 2255 habeas petition, contending that (1) the government breached a cooperation agreement, and (2) he was denied effective assistance of counsel. The district court denied both claims without a hearing. We affirm.
 
 1. Breach of the Cooperation Agreement
 
 3
 Following Tan's arrest for possession of heroin, a DEA agent made several promises to Tan in exchange for Tan's pledge of cooperation. The government concedes that the promises were made but disputes whether the DEA breached its agreement and whether the agent was authorized to bind either the DEA or the United States Attorney. We do not need to resolve these disputes, however, because we agree with the district court that Tan failed to show that he relied on the agent's promises in deciding to plead guilty. See Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir.1985) (promises are enforceable only if the defendant can show reliance).
 
 
 4
 Tan admits that the DEA's promises were not a part of a plea agreement, but argues that the promises were nevertheless an important factor in his decision to plead guilty. There is nothing in the record, however, to support this claim of reliance. See United States v. Williams, 780 F.2d 802, 803 (9th Cir.1986) (no relief was available when the defendant failed to show that he was "induced by the agreement to incriminate himself ... or to plead guilty"). In fact, Tan responded in open court that no promises induced his plea.
 
 2. Ineffective Assistance of Counsel
 
 5
 Tan contends he was denied effective assistance of counsel because his attorney allegedly failed to show Tan the presentence report. To succeed on this claim, Tan must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986) (applying this two prong test to counsel's performance in the guilty plea context).
 
 
 6
 We agree with the district court that Tan's argument is "clearly frivolous" because both Tan and his counsel signed, on the day of sentencing, a form attesting that they had read the presentence report. Further, Tan had the opportunity to make a statement on his own behalf at sentencing but made no objections to the report. Even if Tan could show that he did not review the report, we would reject his claim because there is no reasonable probability that, but for his counsel's performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. Tan's conclusory allegation that the report was inaccurate is clearly insufficient to show prejudice. See United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989) (a petitioner fails to establish prejudice when his "conclusory allegations of inaccuracies in the [presentence] report are unsupported and do not suggest the report as a whole is misleading").
 
 3. Failure to Hold a Hearing
 
 7
 Finally, Tan asserts that the district court erred in not holding an evidentiary hearing. Such a hearing is not required, however, when a prisoner's motion presents nothing more than conclusory allegations unsupported by facts and refuted by the record. United States v. Quan, 789 F.2d 711, 715 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986). Here, Tan's claim that the cooperation agreement was a factor in his decision to plead guilty is unsupported by documentary evidence or affidavits. Further, the record refutes his claim. He responded in open court that no promises induced his plea.
 
 
 8
 Similarly, no hearing was neccessary on Tan's ineffective assistance of counsel claim. Tan alleges he never saw the presentence report, yet the record shows that Tan and his attorney both attested that they had read and understood the report. Again, when Tan was given the opportunity at sentencing, he made no challenge to the presentence report. The district court properly concluded on the evidence before it, without holding a hearing, that Tan did not rely on the cooperation agreement in his decision to plead guilty and that he was not denied effective assistance of counsel.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3