983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rolando OROZCO, Defendant-Appellant.
 No. 91-50575.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Jan. 15, 1993.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * The district court departed upward under U.S.S.G. § 3B1.1(c) because it found Orozco was an organizer, leader, manager or supervisor of a criminal activity. This is a factual finding, which we review for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 3
 There was ample evidence that Orozco was an organizer, leader, manager or supervisor. Among other things, Orozco organized and planned the trip to Las Vegas. PSR 2. He recruited Gimenez to join the criminal activity. Id. at 2-3. He ordered Reyna and Gimenez to take the truck and the coke and leave town. Id. at 2. These actions clearly qualify as "exercise of decision making authority," "the recruitment of accomplices," "planning or organizing the offense," and "control and authority exercised over others"--factors that U.S.S.G. § 3B1.1 app. note 3 tells district courts to consider in applying the guideline.
 
 II
 
 4
 The district court didn't depart downward under U.S.S.G. § 5K1.1 even though Orozco argued he'd given substantial assistance to the government.
 
 
 5
 Unlike most sentencing guidelines, section 5K1.1 applies only if the prosecutor chooses to ask the court to apply it. So long as there's no agreement obligating the prosecutor to move for a 5K1.1 departure, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy." Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992); see also id. at 1843 (the prosecutorial motion requirement "limit[s] the court's authority"); United States v. Vilchez, 967 F.2d 1351, 1355-56 (9th Cir.1992).[1]
 
 
 6
 Orozco's plea bargain agreement said nothing about the prosecutor filing a 5K1.1 motion. CR 64. At the plea hearing, Orozco was asked whether he'd been made "any other promises of reward or immunity or lesser sentence ... to induce this plea"; he responded "no." RT 2/20/91 at 15. Orozco now claims that the FBI agents investigating the crime told him they'd notify the court and the prosecutor if he'd help them with the investigation, and asks us to view this as a promise binding the prosecutor. This argument is flatly inconsistent with Orozco's statement at the plea hearing, and implausible in light of Orozco's agreeing to a plea bargain that didn't even allude to this alleged promise. Orozco's contentions didn't impress the judge at the sentencing hearing, RT 7/1/91 at 6-7, and they don't impress us.
 
 
 7
 Moreover, even if the FBI agents made a binding promise, and even if their promise could bind the prosecutor (which we doubt, see United States v. Williams, 780 F.2d 802, 803 (9th Cir.1986)), Orozco hasn't proven this promise was breached. The very document Orozco points to as evidence of the promise makes clear that Orozco was told he'd get nothing unless he provided "truthful and complete information." Appellant's Brief App. at 1. Orozco doesn't deny that, after cooperating to some extent, he refused to cooperate further. RT 7/1/91 at 13. This was ample reason for the FBI to decide he wasn't providing "complete information."
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There's a narrow exception for cases where the defendant shows the prosecutor's actions were based on an unconstitutional motive, such as racial or religious bias, or were wholly arbitrary and capricious. Wade, 112 S.Ct. at 1843-44. Orozco makes no such claim