985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Meyer TAJAN, Defendant-Appellant.
 No. 91-30390.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Jan. 25, 1993.
 
 Appeal from the United States District Court for the District of Idaho; No. CR 91-006-N-HLR, Harold L. Ryan, District Judge, Presiding.
 D. Idaho
 AFFIRMED.
 Before: HUG, POOLE and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Meyer Tajan appeals his conviction for aiding and abetting the manufacture of marijuana, 21 U.S.C. §§ 841(a)(1); 841(b)(1)(vii); 18 U.S.C. § 2. Tajan alleges a due process violation, breach of a leniency agreement, and the improper admission of a coerced confession and tainted evidence. Tajan also appeals his sentence, arguing that the trial judge both misinterpreted and misapplied the Sentencing Guidelines.
 
 I.
 
 3
 The asserted violation of Tajan's due process rights is a question of law, subject to de novo review. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir.1992). Tajan contends that his right to due process was violated by the referral of his case, in the absence of any neutral guidelines, for federal rather than state prosecution. We have recently considered and rejected this argument. United States v. Nance, 962 F.2d 860, 864 (9th Cir.1992) (per curiam). Prosecutorial decisions on whether and what to charge are almost completely discretionary. Id. Even when the motive for federal prosecution is that federal sentences are harsher than state sentences, there is no due process violation. Id. Therefore, Tajan's due process claim fails.
 
 II.
 
 4
 Tajan argues that the district court erred in refusing to specifically enforce a leniency agreement he entered into with Idaho law enforcement officers. The district court's findings regarding the terms of the leniency agreement are questions of fact, which we review for clear error. In re San Vicente Medical Partners Ltd., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). We also review for clear error the district court's interpretation of the agreement. United States v. Williams, 780 F.2d 802, 803 (9th Cir.1986). The district court's finding that Tajan breached the agreement is a question of law, which we review de novo. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir.1992).
 
 
 5
 In exchange for a promise by Idaho law enforcement officers that "things would go better for him" if he cooperated, Tajan provided the government with information that resulted in the arrest of other individuals. A leniency agreement is analogous to a plea bargain agreement and may be analyzed according to contract law standards. United States v. Carrillo, 709 F.2d 35, 37 (9th Cir.1983). Tajan maintains that his actions constitute substantial performance of the leniency agreement and that he is therefore entitled to specific performance by the government. Specific performance is not required if the defendant fails to fulfill his part of the agreement. United States v. Johnson, 861 F.2d 510 (8th Cir.1988), (quoting United States v. Brown, 801 F.2d 352, 355 (8th Cir.1986)); United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir.1981), cert. denied, 451 U.S. 1018 (1982).
 
 
 6
 The district court, adopting the magistrate's findings of fact regarding the existence and terms of the leniency agreement, found that Tajan had agreed to (a) give his full and complete cooperation by supplying law enforcement officers with information about other drug cases, (b) testify at trial if requested, and (c) supply his fingerprints. The district court found further that Tajan failed to fulfill his part of the bargain by declining to continue to act as a government agent and refusing to submit to fingerprinting. We find no clear error in the factual findings or the interpretation of the leniency agreement, and conclude that, given Tajan's refusal to continue cooperating and give his fingerprints, he did not substantially perform and the government was relieved of its contractual obligation.
 
 III.
 
 7
 Tajan argues that statements he made after the officers told him that his cooperation would probably make a difference in what they would do should be suppressed as coerced confessions. The court conducts a de novo review of the legal conclusion that a confession was voluntary, but only reviews for clear error the factual findings underlying the determination of voluntariness. United States v. Jenkins, 938 F.2d 934, 937-38 (9th Cir.1991).
 
 
 8
 Tajan contends that the district judge's failure to review the record personally warrants reversal. The district judge accepted the magistrate's findings of fact but rejected the legal conclusion that Tajan's statements were coerced. If the district court rejects the recommendation of the magistrate, it is required to rehear the evidence so as to insure "that any decision on the facts will be the result of first-hand observation of witnesses and evidence." United States v. Bergera, 512 F.2d 391, 393 (9th Cir.1975) (emphasis added).
 
 
 9
 In Tajan's case, the district judge did not dispute the magistrate's factual determinations. He accepted the factual findings but determined that the magistrate did not apply the correct legal standard. The magistrate only considered whether or not "but for" the promise of leniency, Tajan would have confessed.[1] The district court properly applied the current legal standards governing voluntariness, see Schneckloth v. Bustamonte, 412 U.S. 218, 226-27 (1973), see also Mincey v. Arizona, 437 U.S. 385, 398 (1978), and found that Tajan's will was not overborne.
 
 
 10
 The trial judge based this conclusion on the following facts: Tajan was interviewed at his place of work and was told he did not have to answer any questions; Tajan could have ended the conversation at any time; the interviewing officer exerted only minimal pressure. These factual findings are not clearly erroneous and they support the conclusion of voluntariness.
 
 IV.
 
 11
 Tajan assets that if the denial of his co-defendant Martin Levine's motion to suppress tainted evidence based on lack of probable cause for the search warrant is reversed on appeal, Tajan's motion should likewise be reversed. Assuming that Tajan has properly raised this issue, his argument fails because there was probable cause for the warrant.
 
 
 12
 We review for clear error the magistrate's determination that sufficient probable cause existed to issue a search warrant. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). Probable cause is determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230 (1983). We defer to a magistrate's determination of probable cause in a doubtful or marginal case because of our preference that officers procure a warrant before searching. See United States v. Leon, 468 U.S. 897, 914 (1984).
 
 
 13
 In a proceeding before a magistrate judge for the State of Idaho, the prosecution in this case introduced the following evidence in support of probable cause: A) Levine had been arrested four years previously for growing 619 marijuana plants; B) a couple who lived near Levine's rented mobile home informed the police that Levine was only visiting the mobile home for an hour or two every few days, that the home had blankets covering the windows, and that the home seemed to be using an excessive amount of electricity; and C) a confidential informant notified the police that Levine had said he had some loose marijuana and would have a crop of marijuana maturing sometime in July (five months before the December probable cause hearing before the magistrate).
 
 
 14
 Tajan's principal argument is that the reliability of the confidential informant was never established, and thus the information he or she provided should have been disregarded, and that the remaining evidence was insufficient to support probable cause. The government, however, did provide some evidence of the confidential informant's reliability, although its showing was less than ideal--a police officer testified before the magistrate that the detective who had gotten the tip from the confidential informant told the officer that the informant had previously given testimony that had turned out to be true. Although this relatively minimal showing of reliability, lacking any specific substantiation, lessens the weight properly accorded to the informant's evidence, it is relevant information we consider in measuring the totality of the circumstances. Cf. Gates, 462 U.S. at 228-30.
 
 
 15
 We note that neither the information provided by Levine's neighbors nor the information provided by the confidential informant was sufficient to provide probable cause standing alone. The neighbors' evidence of unusual activity in Levine's mobile home did not provide sufficient reason to believe a crime was being committed. The confidential informant's evidence was also insufficient; we find the information too stale to provide probable cause. The information may well have provided probable cause in July, when the crop was to have matured, but not by the time the warrant was issued in December.
 
 
 16
 We conclude, however, that these two pieces of information taken together provided the magistrate with a substantial basis for concluding that there was criminal activity that could be uncovered in a search of the mobile home. Because we find no clear error in the magistrate's conclusion that probable cause existed for the search warrant, we need not determine whether the good faith exception to the exclusionary rule would apply in the absence of probable cause. See United States v. Leon, 468 U.S. 897, 922 (1984).
 
 V.
 
 17
 Tajan argues that the trial court did not depart below the Sentencing Guidelines' minimum based on an erroneous belief that it could not depart, and that the alleged due process violation constitutes grounds for departure. We do not have jurisdiction to review a district court's discretionary decision not to depart from the Guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992). However, we review de novo the district court's ruling that a particular circumstance does not constitute a permissible basis for departure. Id.
 
 
 18
 The trial judge did not express his belief that he could not depart based on the decision to refer Tajan for federal prosecution. To the contrary, he explicity found that there had been no "bad faith or questionable conduct by the United States Attorney in his decision to prosecute the case at the federal level." Since Tajan offers no other grounds for a due process violation, see Part I infra, we cannot review the trial judge's decision not to depart downward.
 
 
 19
 Tajan contends that the district court should have departed below the Guidelines' minimum based on his substantial assistance to the government. Ordinarily, U.S.S.G. § 5K1.1 requires the government to make a motion for departure based on substantial assistance before the trial judge can depart. United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991). The government made no such motion. However, we have recognized that this requirement might not apply if the prosecution has acted with bad faith or arbitrariness that presents a due process issue. Id.
 
 
 20
 The record in this case does not provide any indication of the requisite bad faith or arbitrariness. The government based its decision not to move for departure on Tajan's failure to continue to cooperate with law enforcement officers. While Tajan did provide valuable information to the officers, he also definitively refused to continue assisting the government. The trial court found this to be an adequate basis for not moving for departure, and Tajan has introduced no facts to indicate an improper motive.
 
 
 21
 Tajan's final departure argument is that the trial judge could have departed, pursuant to U.S.S.G. § 5K2 and 18 U.S.C. § 3553(b), based on the disparity between state and federal sentences. The trial judge was aware of the disparity and found it not to be relevant as a basis for departure. The district court was correct in concluding that the disparity does not warrant departure.
 
 
 22
 Tajan also contends that the trial judge erred in not granting him the two-point downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1. The district court's finding of fact regarding acceptance of responsibility is entitled to great deference. United States v. Morales, 972 F.2d at 1010. The trial judge based his decision upon a review of the entire record of Tajan's conduct, including his refusal to continue to cooperate and his decision to go ahead with a trial, throughout which he maintained his innocence. See U.S.S.G. § 3E1.1, comment. (n. 2). The trial judge's finding that Tajan had not accepted responsibility is not clearly erroneous.
 
 CONCLUSION
 
 23
 Tajan's due process rights were not violated and his motions to suppress were properly denied. The trial court properly applied the Sentencing Guidelines. We therefore AFFIRM the decision of the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is conceivable that, had the magistrate applied the correct legal standard, the factual record would have been more fully developed. In most cases, when the district court accepts the magistrate's factual findings but determines that the magistrate applied the wrong legal rule, remand for an evidentiary hearing should be required. Remand is not necessary in this case, however, since Tajan has alleged no facts that, even if found true at an evidentiary hearing, could support a finding of coercion