UNITED STATES of America, Appellee,

v.

David Javier GARCIA, Appellant.

No. 75–1795.

United States Court of Appeals, Ninth Circuit.

July 23, 1975.

Walter Barthold, Harry N. Turk, Arthur, Dry & Kalish, New York City, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Charles A. Shaw, N.L.R.B., Washington, D. C., for respondent.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

## ORDER

Leighton H. Rockafellow (argued), Tucson, Ariz., for appellant.

Joseph P. Covington, Asst. U. S. Atty. (argued), Tucson, Ariz., for appellee.

## OPINION

Before ELY and HUFSTEDLER, Circuit Judges, and FITZGERALD,* District Judge.

ELY, Circuit Judge:

Garcia appeals his convictions for conspiracy to possess marijuana with intent to distribute, 21 U.S.C. § 846, and for distribution of marijuana, 21 U.S.C. § 841(a)(1). We reverse.

Garcia was arrested on June 5, 1974, in Tucson, Arizona, after he and several other persons sold a quantity of marijuana to undercover agents of the Drug Enforcement Administration (DEA). On the basis of the facts surrounding Garcia's June 5th arrest, the Government filed a magistrate's complaint against him but the complaint was withdrawn after Garcia and the Government entered into a formal, written "Deferred Prosecution" agreement, dated July 30, 1974.[1]

By the express terms of the agreement, Garcia waived his right to a speedy trial. He further agreed that within 90 days from July 30th, he would "attempt" to present DEA agents with a dealer in heroin, cocaine, amphetamines, barbiturates, or "LSD," who might, "in the estimation of Agents of DEA," be "capable of making" a sale of any such drugs. The Government agreed that if Garcia did produce such a dealer, it would not renew charges against him on the basis of the facts surrounding his June 5th arrest. Finally, the agreement provided that if Garcia failed to produce an acceptable dealer, the Government could seek an indictment against him on the basis of the June 5th arrest at any time within 150 days of July 30, 1974.

Garcia failed to produce a dealer, and the 150 days during which the Government was authorized by the agreement to seek an indictment expired in December, 1974, without an indictment having been sought. On January 9, 1975, however, the Government sought and obtained an indictment for the June 5th arrest. That indictment provides the basis for the convictions that Garcia here appeals. Garcia moved the District Court for an order dismissing the indictment for the reason that it was obtained in violation of the deferred prosecution agreement, but his motion was denied.

The Government offers two justifications for its failure to abide by the literal terms of the agreement. First, it asserts that Garcia made no effort whatsoever to provide a seller for DEA agents during the life of the agreement, an allegation which Garcia strongly disputes. Second, the Government argues that on the date on which the agreement expired, no grand jury was sitting and that it sought the indictment only a few days later, at the earliest available opportunity. It is undisputed that the Government made no effort to convene a special grand jury within the prescribed period. Neither purported justification is persuasive. By the unambiguous terms of the agreement, which, incidentally was prepared by the Government's draftsman, Garcia had 90 days within which to produce a seller. After the 90 days had expired, and Garcia had not produced, there yet remained 60 days within which the Government might

---

* Honorable James M. Fitzgerald, United States District Judge, District of Alaska, sitting by designation.

1. The agreement was signed by Garcia and his attorney and, on behalf of the Government, by an Assistant United States Attorney, acting for the United States Attorney for the District of Arizona.

have instituted indictment proceedings. This notwithstanding, the Government chose not to act. The Government could have protected its interests fully and yet still have complied with the literal terms of its agreement.

Accused individuals who enter into plea bargaining agreements surrender several valuable Constitutional rights. *See Santobello v. New York,* 404 U.S. 257, 264, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (Douglas, J., concurring). Similarly, by entering into the deferred prosecution agreement, Garcia waived his valuable right to a speedy trial.[2] In *Santobello,* the Supreme Court held that when a prosecutor makes a promise which serves as consideration or inducement for a guilty plea, the promise must be fulfilled. 404 U.S. at 262, 92 S.Ct. 495. More broadly, our court has written that ". . . when the prosecution makes a 'deal' within its authority and the defendant relies on it in good faith, the court will not let the defendant be prejudiced as a result of that reliance." *United States v. Goodrich,* 493 F.2d 390, 393 (9th Cir. 1974). Here, these principles are fully applicable to the deferred prosecution agreement between the Government and Garcia. The indictment upon which Garcia's convictions are based was obtained in violation of the express terms of the agreement and is therefore invalid.[3] The upholding of the Government's integrity allows for no other conclusion.

The judgments of conviction are vacated, and on remand, the district Court will dismiss the indictment.

Reversed and remanded, with directions.

2. In their briefs, both the Government and Garcia agree with our view that the deferred prosecution agreement is analogous to a plea bargaining agreement.

3. In deciding this case by enforcing the terms of the deferred prosecution agreement, we do not impliedly approve such agreements, either as a matter of Constitutional law or supervisory policy. Such agreements obviously present many of the same problems that arise in connection with bounties or other forms of monetary rewards. *See, e. g., United States v. Ladley,* 517 F.2d 1190, 1192–1193 (9th Cir., 1975); *Corcoran v. United States,* 427 F.2d 16 (9th Cir. 1970). Neither party to this appeal has questioned the validity of the agreement.