UNITED STATES of America, Appellee,

v.

Michael GOGARTY, Defendant-Appellant.

No. 808, Docket 75–1407.

United States Court of Appeals,
Second Circuit.

Argued March 10, 1976.
Decided April 6, 1976.

Jonathan J. Silbermann, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for defendant-appellant.

James A. Moss, Asst. U. S. Atty., New York City (Thomas J. Cahill, U. S. Atty., and Lawrence B. Pedowitz, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FRIENDLY, MULLIGAN and GURFEIN, Circuit Judges.

GURFEIN, Circuit Judge:

The defendant appeals from a judgment of conviction entered on November 24, 1975 by the United States District Court for the Southern District of New York on one count of assaulting a federal officer in violation of 18 U.S.C § 111. Defendant was tried to the court (Duffy, J.), was acquitted on two charges of threatening the life of the President in violation of 18 U.S.C § 871, and received a two-year sentence on the assault count which he is now serving. The sole claim raised on appeal is that prosecution on the assault charge was barred by the terms of a deferred prosecution agreement.

The defendant was first arrested on March 11, 1973. At that time a complaint was filed charging him with one count of threatening the life of the President.[1] In November 1973, a second complaint was filed charging him with assaulting a federal officer, based on defendant's alleged conduct in kicking and threatening one of the arresting officers at the time of his arrest. On December 20, 1973, a deferred prosecution agreement was signed by the defendant, his Legal Aid lawyer, an Assistant U.S. Attorney and Magistrate Schreiber. After setting forth numerous conditions required to be complied with for the following 12 months, the agreement provides that:

"The United States Attorney may at any time revoke or modify any condition of this provisional release or change the period of supervision. Should you violate any of the foregoing conditions or cease to be a satisfactory participant in the approved program, the United States Attorney may at any time, within the twelve-month period of supervision, initiate prosecution for these offenses.

"If, upon the completion of your period of supervision, a written report from the clinic is received to the effect that you have fully complied with all of the above conditions and have remained a satisfactory participant in the approved program, no prosecution will be instituted in this District for the above offense."

On July 3, 1975, some 18 months after this agreement was signed, the two charges which were the subject of the December 1973 agreement—threatening the life of the President and assaulting a federal officer— were dismissed by the Magistrate on the recommendation of the Assistant U.S. Attorney. Neither the recommendation nor the dismissal contained any explanation or reasons for the action taken, or made any reference to the deferred prosecution agreement.

Thereafter, on July 14, 1975, defendant was again arrested for a new threat on the life of the President made that day. In October, 1975 the defendant was indicted on three counts: threatening the life of the President on March 11, 1973, assaulting a federal officer on March 11, 1973, and threatening the life of the President on July 14, 1975. He was subsequently tried on all three charges before Judge Duffy. The defendant now claims that the first two charges were dismissed pursuant to the terms of the deferred prosecution agreement, that prosecution on the assault charge was hence barred, and that his conviction must be reversed. We disagree.

 The terms of the deferred prosecution agreement, though by no means clear or well-drafted, read as a whole clearly permit prosecution beyond the 12-month

---

1. In April 1973, defendant and the government entered into a deferred prosecution agreement before Magistrate Goettel concerning this charge. This agreement was superseded by the December 1973 agreement discussed below.

period specified in the agreement.[2] Indeed, the government's promise not to prosecute after the 12-month period expires is explicitly conditioned on receipt of a favorable report from a treatment center indicating that appellant had successfully participated in a therapeutic program to cure him of the alcoholism which had repeatedly led him into criminal behavior. It is undisputed that no such letter was ever written. Indeed, during the period in which defendant was supposed to have been receiving treatment in New York, he was arrested in Texas and charged with making bomb threats aboard a commercial plane on February 10, 1974. This was barely three months after the deferred prosecution agreement was signed, and one of its conditions required the defendant to remain in treatment in the New York center. Although appellant entered into a new deferred prosecution agreement with the Texas authorities, he also violated the terms of that agreement. He subsequently pleaded guilty to several offenses arising out of the February 10, 1974 bomb threat. Since another of the conditions of the New York deferred prosecution agreement was that the defendant "refrain from the violation of any state or federal penal laws," the U.S. Attorney's office in New York would have been justified in prosecuting the defendant within the 12-month period. It was also justified in prosecuting him after the 12-month period when no favorable report had been received.

■ That the government procured dismissal of the original complaints against the defendant is not of consequence. On the dismissal of a complaint, "the discharge of the defendant shall not preclude the government from instituting a subsequent prosecution for the same offense." F.R. Crim.Proc. 5.1(b). Though this provision refers to a discharge for lack of evidence, it is applicable as well to any discharge before indictment, for even dismissal of an indictment is presumed to be without prejudice to further prosecution. *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2 Cir. 1974), *cert. denied*, 422 U.S. 910, 95 S.Ct. 1559, 43 L.Ed.2d 775 (1975). And see *United States v. Thompson*, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1920); *Ex parte United States*, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932). Appellant's real complaint is that he has a contractual right not to be prosecuted, see *United States v. Garcia*, 519 F.2d 1343, 1345 (9 Cir. 1975), but this obviously implies that he has performed his part of the bargain. The appellant failed to live up to his obligation and this agreement, unlike the agreement in *Garcia, supra,* contained no time limit on the government's right to re-prosecute the defendant in the event of noncompliance.[3] One who fails to carry out his part of the bargain cannot invoke the agreement against the government. *United States v. Boulier*, 359 F.Supp. 165 (E.D. N.Y.), *aff'd sub nom. United States v. Nathan,* 476 F.2d 456, 459 (2 Cir.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 171, 38 L.Ed.2d 56 (1973). Accordingly, there is no reason to abrogate the rule that dismissals are generally without prejudice to subsequent prosecution.

■ Moreover, any claim that the prosecution was barred by the earlier agreement should have been raised prior to trial under F.R.Crim.Proc. 12(b). The claim was raised neither before nor at trial, despite discussion on the record at trial of the defendant's participation in treatment programs pursuant to an agreement.[4] Were there

---

2. The court has been informed by the U.S. Attorney's office that this form of agreement is no longer in use.

3. Thus, the time limits on prosecution of the defendant would be governed by the application of normal speedy trial rules with the passage of time dating from the end of the twelve-month period set forth in the agreement.

4. Defendant asserts that his trial counsel was unaware of the December 20, 1973 deferred prosecution agreement due to the failure of the magistrate's office to transmit the records pertaining to the earlier proceedings to the district court and due to the failure of the Assistant U.S. Attorney at trial to inform him of the agreement and the dismissal of charges. In view of our above discussion of the merits of defendant's claim, we cannot say that the government failed in a duty under *Brady v.*

any likelihood that appellant could show his full compliance with the terms of this agreement, the effect of failure to raise the claim prior to trial might be considered. Here there was no such likelihood, and we affirm the conviction.

*Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose exculpatory material, although we do not condone the silence of government counsel in this respect. Moreover, we note that the magistrate's records were available to counsel's inspection, and that both counsel and the defendant should have been on notice of the possibility of relevant earlier proceedings since they were both aware of some earlier agreement which resulted in psychiatric treatment of the defendant.