UNITED STATES of America

v.

John A. BETO.

Crim. No. 77-70.

United States District Court,
W. D. Pennsylvania.

March 1, 1978.

Joel B. Strauss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

John A. Beto, pro se.

OPINION

MARSH, District Judge.

On May 23, 1977, John A. Beto, changed his plea from not guilty to guilty of forging an endorsement on the back of a United States check in violation of 18 U.S.C. § 495. On August 24, 1977, he was sentenced to a prison term of five years with eligibility for parole at the discretion of the parole board. Beto has filed a motion to vacate that sentence pursuant to 28 U.S.C. § 2255 alleging that his conviction was a violation of the Double Jeopardy Clause of the Fifth Amendment; that he was coerced into pleading guilty by his attorney; and that he was under the influence of alcohol at the time of his guilty plea. Beto has submitted affidavits stating that he was intoxicated on August 24, 1977, which in fact was the date of his sentencing. There was no support by affidavits that Beto was intoxicated at the time of his guilty plea on May 23, 1977.

In a complaint sworn before a magistrate on October 28, 1976, John Beto was charged with knowingly forging the name of the payee, Harry L. Quinn, on the back of a government check dated April 3, 1976. With the assistance of Mrs. Trembulak, Beto allegedly had represented himself to be the payee and had passed the check to Edward P. Tremel. Beto was arrested, and a preliminary hearing was held on November 9, 1976, at which time Beto was represented by a federal public defender. On December 7, 1976, the magistrate dismissed the complaint upon a motion by the government.

 An indictment filed March 24, 1977, charged John Beto with forging three government checks between December 3, 1975 and April 5, 1976, and with cashing one of the checks. Count 3 of the indictment related to the forged endorsement on the April 3 check payable to Quinn. Contrary to defendant's argument, this indictment did not cause him to go to trial for a second time on a charge of which he had already been acquitted. The discharge of the complaint by the magistrate did not preclude the defendant's subsequent indictment by the grand jury on the same charge. Rule 5.1(b), Fed.R.Crim.P. See *United States v. Gogarty*, 533 F.2d 93, 95 (2d Cir. 1976); *United States v. Grimes*, 426 F.2d 706, 708 (5th Cir. 1970).

In support of his motion, Beto has submitted affidavits from Mrs. Opal Trembulak, his common law wife, and from four persons identified as neighbors stating that "on or about the day of August 24th, 1977" they observed John Beto to be under the influence of alcohol. Each affiant continues:

"I further acknowledge that Mr. Beto was summoned to the [court] on this same date he was induced to enter a plea of Guilty to a Criminal Charge and as a viable witness to this action avers that Mr. John Beto was not Qualified to defend his person."

These affiants are obviously mistaken since Beto pleaded guilty on May 23, 1977.

From the observation of this court on May 23, 1977, and on August 24, 1977, Mr. Beto appeared, acted and spoke in a sober manner; there was no outward evidence of inebriation.

 When defendant Beto appeared before the court on May 23, 1977, to change his plea to guilty on Count 3, he completed the court's plea form and answered questions for the court indicating that he understood the proceedings and that he had discussed his change of plea with his attorney. Specifically, Beto gave the following answers to questions on the plea form:

10. What is your plea?
"Guilty to the third count of the indictment."

. . . . .

26. Has any promise, representation, agreement or threat been made to you by any person, including your lawyer, to induce you to plead guilty prior to the entry of this plea?
"Yes"
If so, what?
"Dismissal of others counts in indictment."

27. Has anyone advised you to answer any of these questions untruthfully so that the court will accept your plea?
"No"

28. Do you fully understand that you may not at a later date contend that any promise, representation, agreement or threat made by any person motivated or caused you to enter this plea, and that if any such promise has been made you must set it forth now?
"Yes"

29. Did you discuss pleading guilty with anyone?
"Yes"
If so, with whom?
"Atty Thomas S. White and George E. Schumacher." [Mr. Schumacher is the Federal Public Defender]
What was the discussion?
"As noted above and I told them I was guilty of count three."

30. Why did you decide to plead guilty? State your reasons in detail.

"Because, I was guilty of signing Mr. Quinn's name to check without his permission."

In response to oral questioning from the court, Beto responded under oath that he was pleading guilty voluntarily and of his own free will. When asked what he had done, he said, "Well, I got drunk and I needed the money and signed a check and cashed it, Your Honor." Transcript of May 23, 1977, p. 3.

These written and oral responses indicate that Beto possessed a rational as well as a factual understanding of the proceedings against him on May 23rd, and that he did not plead guilty because of coercion by his attorney.

Beto had a history of alcoholism but at the time of his guilty plea he told the court that he could no longer drink liquor because of medication he was taking for his heart. Transcript of May 23, 1977, p. 4.

At the time sentence was imposed on August 24, 1977, Beto assured the court that he was sober. Transcript of August 24, 1977. He also assured the court that "with my medication I can't drink." Transcript of August 24, 1977. He displayed a bottle of pills to the court.

Taking as true the statements in the affidavits that Beto was observed to be under the influence of alcohol on or about August 24, 1977, there remains in the record no support for the defendant's belated allegation[1] that he in fact was unaware of the nature and consequences of his guilty plea entered on May 23, 1977.

It appearing from the motion and from the files and records of this case that the defendant is entitled to no relief and that an evidentiary hearing would serve no purpose, the motion to vacate will be denied.

---

1. In a letter to the court dated December 4, 1977, after he had been incarcerated for more than three months, defendant discussed his case in detail and requested a reduction of sentence. At that time, however, he made no reference to his having been under the influence of alcohol at the time of his plea on May 23, 1977 or his sentence on August 24, 1977.