UNITED STATES of America,
Plaintiff-Appellant,

v.

Juventino CARRILLO,
Defendant-Appellee.

No. 82–1489.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1983.

Decided June 24, 1983.

Gregory H. Martin, Martin & Feldhacker, Scottsdale, Ariz., for defendant-appellee.

Gloria G. Ybarra, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellant.

Before GOODWIN, TANG and FARRIS, Circuit Judges.

TANG, Circuit Judge.

Carrillo was indicted for possession of heroin and possession of heroin with intent to distribute in violation of 21 U.S.C. § 841. His motion to dismiss the indictment was granted and the government appeals. We affirm.

Carrillo was arrested on September 17, 1981, with heroin in his possession. Following arrest, agents of the Drug Enforcement Administration (DEA) offered not to prosecute if he cooperated with the government's investigation of certain suspected drug traffickers and specifically the individual supplying the heroin. Carrillo agreed but stated that he would not testify against any of the suspects if they were brought to trial because he feared for the safety of his family and himself.

Conflicting evidence was presented at the hearing on the motion to dismiss on the issue of whether Carrillo agreed to testify. Carrillo testified that after voicing unwillingness to testify, agents told him that no one will ever know that he had assisted the investigation, that the prosecutor would be able to "work it out" without his testimony. The DEA agents conceded that Carrillo stated on numerous occasions that he did not want to testify. They testified, however, that, although they assured him that everything possible would be done to keep him off the stand, they could not guarantee that he would not have to testify at some point.

During the discussions about the cooperation agreement, Carrillo was presented with a DEA form entitled "Instructions to Cooperating Individuals". The district court found Carrillo illiterate in English and Spanish; but that he was nevertheless asked by the agents to read and sign the form. Carrillo testified he signed the form without knowledge of its substance. The agents, on the other hand, testified that they explained the provisions to Carrillo prior to his signing. The form states that "All lawful means available to maintain the confidentiality of [the cooperating individuals'] identity will be used but their testimony in court may be necessary."

Acting under DEA instructions, Carrillo thereafter made numerous contacts with the suspects and arranged to buy narcotics. Carrillo also provided concrete information in furtherance of the investigation. As a result of Carrillo's information and active participation, three suspected heroin distributors were arrested in connection with the arranged narcotics transaction and brought to trial.

Carrillo was subpoenaed to testify. However, he steadfastly maintained his refusal to testify. He informed the prosecutor that by participating in the investigation, he had placed his family and himself at risk. He related that threats had been made against him and members of his family by the sus-

pects or persons purporting to act on their behalf. Carrillo maintained that he had performed as required under his bargain with the government and, as he understood it, the bargain did not include an obligation to testify.

Carrillo was held in contempt and incarcerated for his refusal to testify. The government claims that, because of Carrillo's refusal to testify, it was forced to dismiss all charges as to two of the heroin distributors and four counts as to the third. The individual supplier was convicted of one count, however.

Notwithstanding its promise not to prosecute, the government indicted Carrillo on the ground that he had breached the cooperation agreement. Carrillo, contending that he never promised to testify at trial, moved for dismissal of the indictment. The district court granted Carrillo's motion holding that the defendant is "illiterate, that he did not understand the terms of the agreement which he signed, that he always took the position that he would not testify at a trial and that there was no meeting of the minds with respect to the agreement of the parties."

The government contends that dismissal of the indictment was an abuse of discretion. It argues that since the district court did not find governmental misconduct it could not, in its supervisory capacity, dismiss the indictment, and that dismissal was not appropriate to remedy any violation of defendant's legal rights.

 The government misconceives the nature of the district court's ruling. This court has held that a plea bargain agreement is contractual in nature and subject to contract law standards. *United States v. Krasn,* 614 F.2d 1229, 1233 (9th Cir.1980). A cooperation agreement is analogous to a plea bargain agreement. *United States v. Garcia,* 519 F.2d 1343, 1345 n. 2 (9th Cir. 1980). Thus, like a plea agreement, an agreement to cooperate may be analyzed in terms of contract law standards.[1] We review the district court's holding with these principles in mind.

---

1. The law of contracts presents an apt model to guide and inform our analysis in the context of

the facts presented by this case. We emphasize, however, that we are not obliged to follow

The district court was called upon to make a factual determination as to the nature and scope of an agreement between the government and Carrillo. Contradictory evidence was introduced at the hearing. Implicit in the district court's ruling is the finding that the government agreed to refrain from prosecuting Carrillo in exchange for his cooperation and assistance in the subsequent investigation. Because Carrillo steadfastly maintained his unwillingness to testify, there was no mutual assent as to that point and it did not become a part of the agreement. The instruction form was the only portion of the agreement that Carrillo signed. The district court found that since the defendant was illiterate in Spanish and English, he did not understand the form's provisions. The court therefore concluded that because there was no meeting of the minds with respect to the written terms, the agreement to testify was not part of the bargain between the parties. We cannot say, in light of the conflicting evidence on this issue, that this finding is clearly erroneous. *United States v. Krasn,* 614 F.2d 1229 at 1233 (9th Cir.1980); *United States v. Minnesota Mining and Mfg. Co.,* 551 F.2d 1106, 1109–1110 (8th Cir.1977).

With the exception of the refusal to testify, the government does not contend that Carrillo failed to perform his obligations under the agreement. The record clearly establishes that Carrillo did in fact affirmatively undertake actions not otherwise required of him and that he participated and cooperated up to the point of trial.

Inasmuch as an obligation to testify did not become a condition and because Carrillo fulfilled all other obligations under the agreement, under settled notions of fundamental fairness the government was bound to uphold its end of the bargain. *See United States v. Irwin,* 612 F.2d 1182, 1189–91 (9th Cir.1980) (recognition of enforceability of cooperation agreements); *United States v. Garcia,* 519 F.2d at 1345 & n. 2 (same);

*cf. Johnson v. Mabry,* 707 F.2d 323 (8th Cir.1983) (constitutional right to fairness requires that government be scrupulously fair when negotiating plea agreements and that government honor terms of its proposal even in the absence of defendant's detrimental reliance); *United States v. Minnesota Mining & Mfg. Co.,* 551 F.2d at 1111 (where defendants fully discharge their obligations under plea agreement government is bound to fulfill its promise to forego future criminal prosecution); *United States v. Hallam,* 472 F.2d 168, 169 (9th Cir.1973) (same).

The remedy for the breach of this promise rests within the sound discretion of the trial court. *See Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *United States v. Minnesota Mining & Mfg. Co.,* 551 F.2d at 1112. By dismissing the indictment the district court effectively enforced the agreement. The remedy granted was not outside the district court's discretion. *Id.*

AFFIRMED.

---

blindly the law of contracts in assessing plea or cooperation agreements in all contexts. Cases may arise in which the law of contracts will not provide a sufficient analogy and mode of analysis. We do not purport to superimpose contract principles upon all such cases. *Cf. Johnson v. Mabry,* 707 F.2d 323 (8th Cir.1983); *Cooper v. United States,* 594 F.2d 12 (4th Cir.1979).