783 P.2d 1206

**The STATE of Arizona, Appellee,**

v.

**Laurence James PLATT, Appellant.**

**No. 2 CA–CR 89–0227.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 22, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Robert S. Golden, Phoenix, for appellee.

Constance L. Trecartin, Tucson, for appellant.

LIVERMORE, Presiding Judge.

■ Defendant was charged in March 1987 with theft by controlling stolen property. In December 1987 his prosecution was suspended by court order pursuant to Rule 38, Ariz.R.Crim.P., 17 A.R.S. Defendant, in order to obtain deferred prosecution, waived his self-incrimination rights by signing a statement concerning the offense and his right to a speedy trial. He also paid $200.00 to participate in the program and additional sums in lieu of community service. In May 1988, after a dispute arose over defendant's entitlement to back pay in his employment with Pima County, prosecution was resumed and defendant was convicted. By post-trial motion he sought to have his conviction set aside on the ground that deferred prosecution was improperly terminated. The supervisor of the program testified that the only reason for terminating defendant was that the statement he made about the offense was not sufficiently inculpatory. The sole issue raised by this appeal is whether the state may rescind a deferred prosecution agreement on the basis of facts known to it at the time it entered the agreement. We hold that it may not and reverse defendant's conviction.

■ Deferred prosecution agreements, like cooperation and plea agreements, are contractual in nature. *United States v. Carrillo*, 709 F.2d 35 (9th Cir.1983); *United States v. Garcia*, 519 F.2d 1343 (9th Cir.1975). They may be rescinded when a defendant breaches the terms of the agreement. They may not, however, be rescinded simply because the state, on reflection, wishes it had not entered into the agreement at all. Here the defendant furnished the statement requested by the prosecuting agency. It was found acceptable by that agency and a deferred prosecution agreement was entered. Defendant thereafter fully complied with the terms of that agreement. To allow the state to change its mind in these circumstances comports neither with ordinary contract principles nor with the more expansive notions of funda-

mental fairness that control the relations between a state and its citizens.

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.