952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul SIEGERT, et al., Defendant-Appellant.
 No. 90-10406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Dec. 17, 1991.
 
 1
 Before PREGERSON and O'SCANNLAIN, Circuit Judges, and BURNS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Paul Siegert appeals his conviction and sentence for conspiracy to distribute cocaine, distribution of over 500 grams of cocaine, and use of a firearm in relation to a drug offense. We affirm.
 
 
 4
 * With respect to his conviction under 18 U.S.C. § 924(c)(1) (using a firearm during or in relation to a drug trafficking offense), Siegert contends there was insufficient evidence. Siegert's co-defendant rented a house where drugs were stored. A post-arrest search of that house revealed an AK-47 assault rifle and two semi-automatic pistols. Siegert visited the house twice on the day of his arrest to pick up his co-defendant, and later to pick up cocaine. Siegert told the undercover agent it was his house and gave him the telephone number to contact him there.
 
 
 5
 We have held that "[w]hen a firearm serves to protect the defendants or their drugs or to intimidate others, the firearm is said to have a role in the crime and then there is a violation of section 924(c) regardless of whether the gun is actually displayed or discharged." United States v. Torres-Rodriguez, 930 F.2d 1375, 1385 (9th Cir.1991). In United States v. Torres-Medina, 935 F.2d 1047 (9th Cir.1991), we affirmed the conviction under section 924(c)(1) of a handicapped person who could not possibly have reached the gun or drugs hidden under his house. "[A] close proximity of the handgun to the drugs strongly suggested that it was 'related' to the narcotics operation." Id. at 1049. Indeed, section 924 "does not require literal 'use' of the firearm.... [A] firearm may be considered available for purposes of section 924(c)(1) if its physical proximity to the defendant at any time during the commission of the crime, or during arrest, supports the inference that it emboldened him to commit the underlying offense." Id. at 1049-50.
 
 
 6
 We have upheld sentence enhancement for a defendant when the firearms were miles from the spot of drug distribution. United States v. Willard, 919 F.2d 606, 609-10 (9th Cir.1990), petition for cert. filed, No. 91-5057 (July 1, 1991); United States v. Stewart, 926 F.2d 899, 901-02 (9th Cir.1991) (conspiracy, distribution, and possession of firearm conviction; enhancement proper even though gun was 15 miles away during overt act of distribution).
 
 
 7
 We are satisfied that the weapons were used in relation to Siegert's drug trafficking offense.
 
 II
 
 8
 Siegert presented at trial a public authority defense and claims here that it was error for the trial court to deny his motion for judgment of acquittal. He testified that two DEA agents, since indicted for drug offenses themselves, recruited him to be an informant. Siegert admits the terms of his probation required he not be an informant, possess drugs, or associate with felons. Siegert presented no evidence regarding a cooperation agreement with the government other than his own testimony. The government presented evidence that the person Siegert claimed to have met was a fugitive in Europe during the times Siegert claimed to have met with him. Siegert alleges that he is entitled to enforce this "agreement."[1]
 
 
 9
 Siegert negotiated with undercover agents to sell four kilograms of cocaine. He gave the agents a sample of cocaine, then delivered two kilograms of cocaine, and agreed to sell two more kilograms at a later date. Furthermore, Siegert did receive his requested jury instruction on the public authority defense. The trial judge directed the jury to acquit Siegert if his defense raised a reasonable doubt regarding his criminal intent. The jury found Siegert guilty. By inference, the jury must have found there was no cooperation agreement. Hence, the trial court properly denied his motion for acquittal because "viewing the evidence in the light most favorable to the Government, there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt." United States v. Sarault, 840 F.2d 1479, 1487 (9th Cir.1988).
 
 III
 
 10
 Siegert also raises an ineffective assistance of counsel claim. In this circuit, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). Our rule is based on the need for "the development of facts outside the original record." Id. We must be presented with evidence "as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Without the development of a further record, we have only the trial record to consider. Hence, we decline to reach the merits of Siegert's claim on this direct appeal. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 IV
 
 11
 Siegert challenges the district court's calculation of his Guidelines offense level based on the amount of cocaine involved. The evidence presented at trial was that Siegert negotiated to sell four kilograms of cocaine. The district court correctly considered that amount of drugs in determining his offense level. U.S.S.G. § 2D1.4 & Application Note 1 (Nov. 1, 1989); Torres-Rodriguez, 930 F.2d at 1389. The sentencing court did not err in making this factual finding and we affirm its decision. United States v. McDougherty, 920 F.2d 569, 575 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991).
 
 V
 
 12
 Siegert alleges his due process right to testify in his own behalf was violated by the sentencing court's finding that he obstructed justice by testifying falsely. The due process argument has been rejected before. Torres-Rodriguez, 930 F.2d at 1390; United States v. Barbosa, 906 F.2d 1366, 1369-70 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990). We reject it again here.
 
 
 13
 We give "due regard to the opportunity of the district court to judge the credibility of the witnesses." 18 U.S.C. § 3742(e). Here, the sentencing court expressly adopted the pre-sentence report statement that Siegert "lied about his working relationship with the Drug Enforcement Administration." Siegert also resisted arrest which belies his claim that he was working for the DEA. The district court's factual finding was a sufficient basis upon which to increase his Guidelines offense level.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Siegert misreads United States v. Garcia, 519 F.2d 1343, 1345 n. 2 (9th Cir.1975) as analogizing such a cooperation agreement to a plea agreement. In Garcia, the government signed a formal "Deferred Prosecution" agreement and we did not allow a later prosecution in violation of the terms of that agreement. Garcia did not concern an alleged oral agreement with law enforcement officers