967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jerry McCARTY, Defendant-Appellee.
 No. 91-30290.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1992.
Decided June 16, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because McCarty did not materially breach his cooperation-immunity agreement, we affirm the judgment of the district court dismissing the indictment.
 
 
 3
 McCarty agreed not to break the law as part of the agreement. This prohibition was not complete, however, for the government expected him to continue to help Gehring grow marijuana. When he harvested the plants, he did just that.
 
 
 4
 Nor was his delay in reporting the harvest a material breach. He was frightened and, as the court noted, the agents working with McCarty never considered arresting him because of the delay. The delay did not prejudice the government. Similarly, his initial dishonesty about his role in the harvest did not harm the government and did not amount to a material breach.
 
 
 5
 In short, the government received the benefit of its bargain. McCarty's help led to the indictment and conviction of six local drug offenders. Once a defendant substantially performs under a cooperation-immunity agreement, the government must uphold its end of the bargain. United States v. Carrillo, 709 F.2d 35, 37 (9th Cir.1983).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3