985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo RENTERIA, Defendant-Appellant.
 No. 91-50627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Feb. 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR 90-634(A), Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfredo Renteria appeals his conviction and sentence for conspiracy to possess with the intent to distribute cocaine, possession with the intent to distribute cocaine, and money laundering. Renteria claims that he entered into a cooperation agreement with law enforcement officers in which they promised not to prosecute him for the conduct underlying these offenses. He also challenges the sufficiency of the evidence to support the conspiracy and distribution convictions, and complains that the presentence report contained prejudicial inaccuracies. We affirm.
 
 FACTS
 
 3
 Because Renteria challenges the sufficiency of the evidence, we present the facts in the light most favorable to the prosecution.
 
 
 4
 From July 18 until July 25, 1990, officers from several law enforcement agencies in Orange County, California, conducted an intensive investigation into the activities of Jose Luis Solano, a suspected drug trafficker. During their surveillance of Solano they observed him meeting frequently with Renteria: Renteria helped Solano launder money; he conducted counter-surveillance with Solano; and he introduced Solano to Fernando Ospina and Victor Vargas only a few hours before Solano, Ospina and Vargas attempted to sell ten kilos of cocaine. In addition, Renteria fled when he saw police surveilling Solano's apartment where forty-seven kilos of coke were kept, and he was caught with ledgers and receipts which indicated his participation in Solano's drug business.
 
 PROCEEDINGS
 
 5
 On August 21, 1990, Solano and Ospina were charged in a twelve count indictment with drug and money laundering violations. On October 9 the grand jury added Renteria in a superseding indictment, charging him with conspiracy to possess with the intent to distribute cocaine, possession with the intent to distribute cocaine, and money laundering. After a bench trial the judge found Renteria guilty on all twenty-seven counts of the indictment.
 
 
 6
 After the trial, Renteria filed a motion to dismiss the indictment claiming that law enforcement officers had agreed not to prosecute him for the Solano transaction in return for his cooperation in other investigations. The court held an evidentiary hearing and denied the motion to dismiss. At sentencing, however, the court granted Renteria a significant downward departure from the Guidelines range because it believed that "some quid pro quo type of agreement was something more than just the imagination of Mr. Renteria."
 
 DISCUSSION
 Sufficiency of the Evidence
 
 7
 The evidence is sufficient to support the convictions if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Mayberry, 913 F.2d 719, 721 (9th Cir.1990). The same test applies to bench and jury trials. Id. Because Renteria did not make a motion for acquittal at the end of trial, we review for plain error. United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991).
 
 
 8
 The existence of a conspiracy may be inferred from circumstantial evidence. United States v. Ray, 920 F.2d 562, 566 (9th Cir.1990), cert. denied, 111 S.Ct. 1084 (1991). Once the existence of a conspiracy has been proved, evidence of a slight connection to the conspiracy is sufficient to prove the defendant's knowing participation in it. Id. The evidence presented in this case, such as Renteria's meeting with Solano, Ospina and Vargas only hours before a major drug transaction, was enough for the fact-finder to conclude beyond a reasonable doubt that Renteria was a knowing participant in a drug conspiracy.
 
 
 9
 Because the evidence supports the conspiracy conviction, Renteria's convictions for possession with intent to distribute must stand under the Pinkerton theory of co-conspirator liability: A "party to an unlawful conspiracy may be held responsible for substantive offenses committed by his co-conspirators in furtherance of the unlawful project, even if the party himself did not participate directly in the commission of the substantive offense." United States v. Vasquez, 858 F.2d 1387, 1393 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989) (citing United States v. Crespo de Llano, 838 F.2d 1006, 1019 (9th Cir.1987)); United States v. Pinkerton, 328 U.S. 640 (1946). There is no question that, in furtherance of the conspiracy, Solano, Ospina and Vargas possessed cocaine with the intent to distribute it. Therefore, Renteria is guilty as well.
 
 The Cooperation Agreement
 
 10
 We have held that government agents who are not United States Attorneys may enter into enforceable cooperation agreements with informants. See United States v. Carrillo, 709 F.2d 35, 37 (9th Cir.1983) (cooperation agreements between agents and informants are enforceable if "under settled notions of fundamental fairness the government [is] bound to uphold its end of the bargain"). The question whether the government agreed not to prosecute Renteria for these crimes is a factual issue that we review for clear error. United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988). The district court in this case did not make a specific finding of fact whether an agreement did or did not exist. When a district court does not make specific findings of fact, we may uphold the result if there is a reasonable view of the record to support it. United States v. Twine, 853 F.2d 676, 681 (9th Cir.1988).
 
 
 11
 Renteria bore the burden of proving the existence of an agreement. Helmandollar, 852 F.2d at 502. The evidence showed that in March of 1990 Officer Dominguez of the South Gate Police Department arrested Renteria for possession of two ounces of cocaine. Renteria agreed to provide information to Officer Dominguez and in return Dominguez promised not to file the charges. Renteria complied with the terms of the agreement for about two months.
 
 
 12
 On July 25, two days after the arrest of Solano, Ospina and Vargas, the police stopped Renteria and searched his car, where they found ledgers and receipts which seemed to record drug transactions. A day or two later U.S. Customs Agent Serge Duarte, for whom Renteria had worked as an informant before, spoke with Renteria. On cross-examination Duarte admitted that he told Renteria that there were "no problems with regards to his involvement in the Jose Luis Solano arrest," although Duarte had no way of knowing whether this was true or not.
 
 
 13
 Finally, on August 17, 1990, Renteria met with Officer Dominguez and Sergeant Alex Paulsen, also of the South Gate Police Department, because Renteria had failed to comply with the terms of the March cooperation agreement. Renteria claims that Dominguez and Paulsen promised not to prosecute him for the Solano incident if he helped them with other investigations, but at trial and during the post-trial hearing Dominguez and Paulsen emphatically denied that they promised Renteria anything except recommending probation for the March incident. Renteria began to cooperate again, and he gave the police information which led to the seizure of $1 million in drug money.
 
 
 14
 We conclude from our review of the record that Renteria did not prove that the government promised not to prosecute him for the Solano case. Renteria presented nothing but his own declaration as proof of the agreement, and even that document was ambiguous. As for Agent Duarte's misleading statement, it was made only one or two days after the police found the ledgers and receipts in Renteria's car, before the government could have fully determined Renteria's connection to the conspiracy. Lastly, we question whether Dominguez and Paulsen, two local law enforcement officers, could enter into a cooperation agreement on behalf of the United States Attorney, and Renteria failed to prove that they were de facto agents of the United States Government. Renteria may have sincerely believed that he would not be prosecuted, but he has not proved that anyone else agreed to that.
 
 Errors in the Presentence Report
 
 15
 Two paragraphs of the presentence report confused Renteria with Solano. Because Renteria did not object to these inaccuracies at sentencing, he has waived his objection. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991). Furthermore, because the district court granted Renteria a significant downward departure from the Guidelines range, we fail to see how these inaccuracies could have prejudiced Renteria.
 
 
 16
 We AFFIRM the convictions and the sentence.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3