**UNITED STATES of America, Plaintiff,**

v.

**Karin FOSTER, Defendant.**

**No. 92–9044M–01.**

United States District Court, D. Kansas.

June 10, 1993.

Marshall Piccinini, Sp. Asst. U.S. Atty., Ft. Riley, KS, for plaintiff.

Charles Dedmon, Asst. Federal Public Defender, Topeka, KS, for defendant.

## ORDER

REID, United States Magistrate Judge.

On February 20, 1992, an information was filed in the United States District Court at Ft. Riley, Kansas, charging the defendant with driving under the influence of alcohol or drugs (DUI), a violation of 18 U.S.C. § 13 and K.S.A. 8–1567(a)(2). On April 2, 1992, the government and the defendant entered into a pretrial diversion agreement, which was approved by the court. The diversion, or deferred prosecution agreement, was to run from April 2, 1992 to April 1, 1993. Special condition # 7 of the diversion agreement states, in part, as follows:

"Should you violate the conditions of this pretrial diversion the United States Attorney may during the period of pretrial diversion,

(1) Revoke or modify any condition of this pretrial diversion;

(2) Change the period of supervision;

(3) Discharge you from supervision; and

(4) Prosecute you for these offenses if you violate any of the conditions stated above.

If you comply with these conditions during the period of supervision, no criminal prosecution against you concerning the above-mentioned crimes will be instituted in this district, and any proceedings already instituted will be deferred and the charges presently pending in court and referred to above will be dismissed upon completion of your diversion period."

On April 16, 1993, William Martin, a U.S. probation officer, informed Marshall Piccinini, the assistant U.S. attorney, that the defendant had satisfied all the conditions of the diversion agreement, and thus was recommending that the charge against her be dismissed. However, the probation officer prepared a violation report on April 29, 1993 after discovering that the defendant was arrested and subsequently charged on March 24, 1993 for DUI in Geary County, Kansas, District Court. On April 26, 1993, the defendant was found guilty of DUI. The arrest occurred during the period that the defendant was on the diversion program for DUI in this court. On May 20, 1993, the government filed a motion to revoke the diversion agreement with the defendant based upon her violation of the law. On June 3, 1993, the motion came before the court for a hearing. Defense counsel orally moved that the motion to revoke be deemed moot, contending that the period of diversion had lapsed before any action was taken to revoke the diversion. Testimony was taken from the probation officer, and the court then took the matter under advisement.

A diversion agreement is a contract; an agreement between the prosecutor and the defendant. The court has a duty to supervise this process. If the government alleges violations of the diversion agreement, the court is therefore entitled to make sure that the government has lived up to its side of the bargain. *United States v. Hicks,* 693 F.2d 32, 33 (5th Cir.1982), *cert. denied,* 459 U.S. 1220, 103 S.Ct. 1226, 75 L.Ed.2d 461 (1983). As with a contract, the diversion agreement, if ambiguous, should be construed against its draftsman. *United States v. Allen,* 683 F.Supp. 1136, 1139 (E.D.Mich. 1988). When the prosecution makes a deal within its authority and the defendant relies on it in good faith, the court should not let the defendant be prejudiced as a result of that reliance. *United States v. Garcia,* 519 F.2d 1343, 1345 (9th Cir.1975).

Three cases in the federal courts have dealt with the issue now before this court. The first case is *United States v. Garcia,* 519 F.2d 1343 (9th Cir.1975). In that case, the government and the defendant entered into a deferred prosecution agreement after the defendant was arrested on June 5, 1974. As part of that agreement, the defendant agreed to provide to the government a dealer in drugs within 90 days of the agreement. The agreement further provided that if the defendant did not provide an acceptable dealer within 90 days, the government could seek an indictment against him on the basis of the June 5th arrest at any time within 150 days of the date of the deferred prosecution agreement. The defendant failed to produce a dealer, and the 150 days during which the government was authorized by the agreement to seek an indictment against the defendant based on the June 5th arrest expired without an indictment being sought. Only after the 150 days expired did the government seek and obtain an indictment based on the June 5th arrest. Defendant sought to dismiss the indictment, claiming that it was obtained in violation of the deferred prosecution agreement.

The court held that by the unambiguous terms of the agreement, the government had only 150 days from the date of the agreement to bring the indictment. After the 90 days had expired for the defendant to produce a seller, the government still had 60 days left to institute indictment proceedings. Thus, the government could still fully protect its interests while complying with the clear terms of the agreement. Because the indictment was obtained in violation of the express terms of the agreement, it was therefore invalid. The conviction was vacated, and the indictment dismissed. *Id.* at 1344–45.

The second case is *United States v. Gogarty,* 533 F.2d 93 (2d Cir.1976). In that case, the government and the defendant entered into a deferred prosecution agreement. The agreement provided that if the defendant violated any of the terms of the agreement, the government could, "within the twelve-month period of supervision, initiate prosecution for these offenses." The agreement, however, went on to state that "if, upon the completion of your period of supervision, a written report from the clinic is received to the effect that you have fully complied with all of the above conditions and have remained a satisfactory participant in the approved program, no prosecution will be instituted in this District for the above offense." *Id.* at 94. Eighteen months after the agreement was signed, the charges were dismissed without explanation or any reference to the deferred prosecution agreement. Three months later, the defendant was indicted on the charges which were the subject of the deferred prosecution agreement.

The court held that the agreement permitted prosecution beyond the 12 month period of the agreement, citing the language of the agreement that the government's promise not to prosecute was explicitly conditioned on receipt of a favorable report from the treatment center upon the completion of the 12 month period of supervision. No such letter was ever written. Therefore, the government was justified in prosecuting him after the 12-month period when no favorable report had been received. The court distinguished *Garcia,* which contained a time limit on the government's right to prosecute the defendant in the event of noncompliance.

The third case is *United States v. Allen,* 683 F.Supp. 1136 (E.D.Mich.1988). The defendant entered into a pretrial diversion pro-

gram with the government from January 28, 1987 for one year. The agreement provided in relevant part:

"Should you violate the terms of this Agreement, the United States Attorney may revoke or modify any conditions of this pre-trial diversion program or change the period of supervision ... The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this Agreement ... After successfully completing your diversion program and fulfilling all the terms and conditions of the Agreement, no prosecution for the offense set out on page 1 of this Agreement will be instituted in this District, and the charges against you, if any, will be dismissed." *Id.* 683 F.Supp. at 1137.

On February 3, 1988, the assistant U.S. attorney wrote the defendant to inform him that because of an alleged violation of the agreement, the diversion term was being extended six months, and directed him to report to the probation office or she would initiate a felony prosecution against him. On February 23, 1988, an indictment was returned. The defendant moved to have the indictment dismissed because the 12 month period of diversion had expired without the defendant being notified by the government of any violation of the agreement, without being charged with the offense, and without having the diversion period extended. The court granted the motion to dismiss, holding that, under the terms of the agreement, the prosecution had to be initiated within the time period specified in the agreement.

■ The language of the agreement in this case is nearly identical to the language employed in *Allen*. Specifically, the agreement in the case before this court states that should the defendant violate the conditions of the pretrial diversion, the government may, *"during the period of pretrial diversion"* (emphasis added), revoke the diversion or prosecute the defendant. While *Gogarty* contained similar language, the language of the agreement in *Gogarty* contained a further provision that the government's promise not to prosecute was explicitly conditioned on

receipt of a favorable report from the treatment center "upon the completion of your period of supervision." *Id.* 533 F.2d at 94. Therefore, the agreement in *Gogarty* allowed prosecution within the 12 month period of supervision, and after completion of the supervision if a favorable letter was not received from the treatment center.

Unlike *Gogarty*, the agreement in this case has no provision permitting the revocation of diversion or prosecution for the underlying offense after the period of diversion has expired. The agreement does provide in paragraph ¶ 7 that if the defendant complies with the conditions of the agreement during the period of supervision, no criminal prosecution will be instituted against the defendant for the underlying charge. The government argues that this language allows for revocation or prosecution after the period of diversion. However, that interpretation is not clear from the language of the agreement cited by the government, and is contrary to the express language earlier in ¶ 7 of the agreement that, upon the violation of the conditions of the diversion, the U.S. attorney may revoke or prosecute the defendant *"during the period of pretrial diversion"* (emphasis added). In interpreting a contract, the contract as a whole should be examined taking into account all the language in the instrument and construing it in harmony with other portions of the agreement. *Seacat v. Mesa Petroleum Co.,* 561 F.Supp. 98, 105 (D.Kan.1983). The meaning of a contract should not be determined from looking only at a single or isolated provision. *Christie v. K–Mart Corp. Employees Retirement Pension Plan,* 784 F.Supp. 796, 803 (D.Kan. 1992). Clear and unambiguous language in a written contract is controlling. *Lesser v. Neosho County Community College,* 741 F.Supp. 854, 865 (D.Kan.1990). Utilizing these rules of construction, the court finds that the agreement unambiguously requires the government to initiate revocation during the period of the diversion agreement. Even if the agreement were deemed ambiguous on this point, the court will construe the ambiguity against the government, which drafted the agreement.

888

The court finds that, based upon the terms of the pretrial diversion agreement, the government was required to initiate revocation or prosecution on or before April 1, 1993, the last day of the agreement. It is not disputed that the government did not initiate revocation proceedings until after that date. The court therefore holds that the revocation is untimely and a violation of the terms of the agreement between the parties. The motion to revoke shall therefore be dismissed, and the DUI charge shall be dismissed with prejudice, pursuant to the terms of the agreement.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the government's motion to revoke is granted.

IT IS FURTHER ORDERED that the one count of the information shall be dismissed with prejudice.