690 A.2d 1071

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
BRIAN C. SCHROTH, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 25, 1997—Decided April 1, 1997.

Before Judges MUIR, Jr., KLEINER, and COBURN.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Barbara A. Hedeen*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General of New Jersey, attorney for respondent (*Lisa Sarnoff Gochman*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

MUIR, Jr., J.A.D.

On this appeal, we hold that the defendant, who violated the conditions of his admission into a pretrial intervention (PTI)

program during the term prosecution was postponed, was properly returned to the criminal justice system for prosecution even though the order terminating him from PTI was entered after the final date of the original postponement term. We accordingly affirm the trial judge's orders which terminated defendant's participation in PTI and denied defendant's motion to dismiss the indictment against him. We also affirm the judgment of conviction that ensued from defendant's subsequent guilty plea and probationary sentence, although we modify the judgment in one minor respect.

The relevant facts are not in dispute. A Somerset County Grand Jury issued a multi-count indictment against defendant. One of the counts charged defendant with third-degree possession of cocaine. *N.J.S.A.* 2C:35–5 a(1). The PTI program director recommended, and the prosecutor consented to, defendant's enrollment in the county PTI program. In defendant's application for enrollment, he acknowledged his understanding that he could be terminated from participation in the program and no recommendation for dismissal of the charges would be made if he did not adhere to the agreement controlling his admission.

Defendant signed the agreement or plan for counseling and supervision and entered the PTI program on October 8, 1993. The plan, which suspended proceedings against defendant until October 7, 1994, among other things, required defendant (1) to submit to drug abuse evaluation and treatment, if necessary; (2) to abide by PTI standard rules and conditions which proscribed further criminal conduct; (3) to pay certain penalties; and (4) to carry out the plan and its rehabilitation goals to the best of his abilities.

Prior to his admission into the program, Somerset Treatment Services evaluated defendant. Under his PTI supervision plan, defendant was to have follow-up aftercare by attending weekly Somerset Treatment Services group care sessions.

Defendant failed to comply with many of the conditions of his supervisory treatment program: he failed to report to treatment

groups on a regular basis and relapsed into using drugs on several occasions; he failed to report to his PTI supervisor on a regular basis; he failed to pay any money toward a $1,000 D.E.D.R. penalty; and he tested positive for amphetamines on October 7, 1994. Additionally, although not tried on the charge prior to his dismissal from PTI, he was arrested in June 1994 for possession of drug paraphernalia—a further indication of his noncompliance with the rehabilitative purposes of his PTI plan.

On September 28, 1994, defendant enrolled in another drug rehabilitation program at Somerset Medical Center. The enrollment inferably was motivated by his PTI supervisor's dissatisfaction with defendant's failure to comply with the supervisory plan. A report from that program indicated he was found cocaine-dependent on September 28, 1994. The program, on October 24, 1994, discharged him for failure to attend treatment sessions.

On September 29, 1994, defendant had signed, as had his attorney, an order extending his PTI supervision another year. The extension applied to the original charges and added the drug paraphernalia charge. Neither the prosecutor nor a judge gave approval to the extension.

Defendant's noncompliance with the Medical Center's drug rehabilitation program apparently precipitated his PTI supervisor's recommendation that he be terminated from the program. On October 14, 1994, the counselor advised defendant of the recommendation and the intent to return him to prosecution unless he requested a court hearing. Defendant's counsel requested a hearing. On the hearing date, December 2, 1994, although sent a written notice of the hearing by counsel, defendant failed to appear. Judge Coleman, upon reviewing defendant's record of noncompliance with his counseling plan and after considering defense counsel's representation defendant was given written notice of the hearing, terminated defendant's enrollment in PTI and returned him to the criminal justice system for prosecution. At the same time, the judge issued a warrant for defendant's arrest.

Six months later, law enforcement officials arrested defendant. After Judge Arnold denied defendant's motion to dismiss the indictment against him, a motion based on a claim of entitlement to dismissal because his PTI enrollment had expired before his termination, defendant pled guilty to the drug possession charge. Judge Arnold sentenced defendant to the plea-negotiated probationary term conditioned on drug and alcohol abuse evaluation and treatment, if necessary. The sentence included imposition of a Safe Neighborhoods Services Fund (S.N.S.F.) assessment fee. This appeal ensued.

■ The Criminal Code prescribes the standards for supervisory treatment under PTI. *N.J.S.A.* 2C:43–12 to –21. It authorizes the Supreme Court to adopt rules governing PTI. *N.J.S.A.* 2C:43–14. The Code sanctions admission into PTI as an alternative to prosecution and authorizes postponement of prosecution for up to three years. *N.J.S.A.* 2C:43–13 c. Both discharge upon successful completion and termination for violation of conditions of the treatment require recommendation by the program director with consent of the prosecutor and approval of a Superior Court judge. *See N.J.S.A.* 2C:43–13 d, e.

Rule 3:28 embodies the PTI regulatory standards adopted by the Supreme Court. Consonant with the Code, it authorizes suspension of the criminal justice process for a term not to exceed 36 months. *R.* 3:28(b). At the conclusion of the initial period of suspension, the rule sets out three alternative actions. They include: (1) dismissal of criminal charges after successful completion of a supervisory and counseling plan; (2) further postponement of criminal proceedings; or (3) termination from the program and return to the criminal justice system for prosecution. *R.* 3:28(c)(1), (2), (3). All require recommendation by the PTI program director (the Criminal Division manager), consent by the prosecutor, and approval by a trial judge.

■ Defendant argues the Code and Rule 3:28 imply that a defendant's indictment must be dismissed when the PTI director

fails to take action to terminate him prior to the expiration of his PTI term. We disagree.

■ Under the circumstances here, we find nothing in the Code or Court Rules that bars defendant's termination after expiration of the initial PTI term. Neither the Code nor the rule require one of the three alternative events to occur before the postponement period ends. In fact, the rule says exactly the opposite. It says that at the "conclusion of the initial period of suspension," defendant shall either be discharged, extended, or terminated from the program. Thus, the rule provides when the postponement period is over, and not until, can the case manager, the prosecutor, or a trial judge act as authorized.

If the rule is read otherwise, then a defendant could use drugs, as defendant obviously did here; be tested on the last day, as defendant was here; and secure a dismissal of the original charges although he is in clear violation of the rehabilitation goals of PTI during the term of his PTI-prosecution postponement. Acceptance of such a proposition would corrupt the entire PTI process.

Moreover, it is unreasonable to suggest defendant had any expectation of a favorable discharge or entitlement to claim denial of due process or of fundamental fairness as a result of the termination. Defendant knew his successful completion of the PTI program was contingent upon satisfactory compliance with the conditions of his counseling and supervision plan. The admission application and plan he signed made that clear. His own lack of compliance cannot be disputed. He could not, under such circumstances, have expected to be favorably discharged after October 7, 1994.

Indeed, his signature to the extension of the suspension period evidences his acknowledgment of that noncompliance and impliedly, if not expressly, undermines his claim the termination occurred after the postponement period even without prosecutorial consent and court approval. Both the Code and Court Rules authorize postponement up to 36 months. The obvious purpose of

imposing a shorter initial postponement term than the maximum 36 months is to test the candidate's rehabilitative potential and ability to comply. If there is reason to question either, then an extension may be imposed.

Defendant entered the PTI program knowing there could be a continuation of the postponement period. While the consent to extension technically did not comply with the letter of the law due to the absence of the prosecutor's consent and judicial approval, its execution by defendant and counsel provides additional justification for rejecting defendant's contentions on this appeal.

■ In sum, we are satisfied, under the circumstances here, neither the order of termination nor the order denying the motion to dismiss the indictment should be disturbed given defendant's inexcusable failure to comply with substantial requirements imposed as conditions of his admission and participation in the Somerset County PTI program. In so ruling, we reject defendant's reliance on *United States v. Garcia*, 519 *F*.2d 1343 (9th Cir.1975); *United States v. Foster*, 823 *F.Supp.* 884 (D.Kan.1993); and *United States v. Allen*, 683 *F.Supp.* 1136 (E.D.Mich.1988). These cases are factually and legally inapposite. We also reject defendant's contention that Judge Coleman, in the absence of defendant, improperly entered the order of termination. Court Rule 3:28(c)(3) only requires defendant be afforded an opportunity to be heard. Counsel gave defendant notice of the hearing. There is no dispute that defendant received the notice. Defendant was afforded an opportunity to appear. He chose not to do so. We can find no violation of the court rule, due process, or fundamental fairness under the circumstances.

■ Finally, defendant argues he was improperly assessed for S.N.S.F. *See N.J.S.A.* 2C:43–3.2. The State concedes, and we agree, the assessment was improvidently imposed. The crimes here preceded the effective date of the governing statute. The judgment of conviction must be modified to delete the assessment.

The orders of Judge Coleman and Judge Arnold are affirmed. The judgment of conviction is also affirmed but modified. The matter is remanded for correction of the judgment of conviction.